UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No.: 8:17-cr-102-T-24JSS

JESUS ALBERTO BERMUDEZ
CARABALLO
                                          /

**ORDER**

THIS MATTER is before the Court on Defendant's Amended Motion for Pretrial Release ("Motion"). (Dkt. 101). The Government opposes the Motion. (Dkt. 102.) A hearing was held on this matter on July 10, 2017. For the reasons stated on the record at the hearing, and as stated below, Defendant's Motion is denied.

Defendant stands charged in an Indictment with conspiracy to possess with intent to distribute and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, and 18 U.S.C. § 2. (Dkt. 1.) On May 10, 2017, Defendant entered a plea of guilty to Count One of the Indictment, which charges Defendant with conspiracy to possess with intent to distribute one kilogram or more of heroin. (Dkt. 79.) The plea was accepted on May 10, 2017, and Defendant's sentencing is scheduled for August 22, 2017. (Dkt. 84.)

Under 18 U.S.C. § 3143(a)(2), "[a] judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless: (A) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that

the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

At the hearing, the Government argued that Defendant is statutorily prohibited from release under 18 U.S.C. § 3143(a)(2). Specifically, the Government argued that the first prong of Section 3143(a)(2) has not been met, as there is no reason to believe a motion for acquittal or new trial will be granted, and Defendant has been adjudicated guilty of an offense that carries a mandatory minimum term of ten years in prison. In response, Defendant relied on the rebuttal presumption under 18 U.S.C. § 3142, but offered no argument concerning the applicability of Section 3143 aside from his assertion that it is not binding on the Court. Upon consideration of the Motion, the Government's response, and the arguments from counsel at the hearing, the Court finds that Section 3143 mandates that Defendant be detained pending sentencing in this case. Defendant has failed to meet the standards for release set forth in 18 U.S.C. § 3143(a)(2). Accordingly, Defendant's Amended Motion for Pretrial Release (Dkt. 101) is **DENIED**, and Defendant is ordered **DETAINED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 10, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record